# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **VINCENT HARRIS,** | ) | |
| Petitioner, | ) ) | **C. C. A. NO. 02C01-9702-CR-00063** |
| vs. | ) ) | **SHELBY COUNTY** |
| **STATE OF TENNESSEE,** | ) ) | **No. P-16785** |
| Respondent. | ) ) | |

## O R D E R

The petitioner in this case was originally convicted of aggravated rape and sentenced to twenty years imprisonment. This Court affirmed the conviction and sentence on direct appeal. State v. Vincent Harris, No. 02C01-9110-CR-00219 (Tenn. Crim. App., June 17, 1992). On April 24, 1996, the petitioner filed a petition for post-conviction relief in the trial court challenging his conviction and sentence. The trial court dismissed the petition without a hearing on May 1, 1996. The court concluded that the statute of limitations had expired. The petitioner did not file notice of appeal therefrom, but instead, on December 20, 1996, filed a "motion from relief of judgment or order" pursuant to Rule 60.02, Rules of Civil Procedure. The petitioner alleged that the trial court erroneously dismissed his petition as being time-barred. The trial court dismissed the motion, stating that Rule 60.02 is not applicable to the petitioner's case. The petitioner timely filed a notice of appeal from that order, and the case in now before this Court.

Rule 28, §3(B), Rules of the Supreme Court, provides that neither the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically provided by these rules. Nothing in Rule 28 authorizes the application of Rule 60.02, Rules of Civil Procedure. Accordingly, the petitioner's "motion from relief of judgment or order" was properly

dismissed by the trial court.[1]

It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.[2]  Costs shall be assessed against the petitioner.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
J. CURWOOD WITT, JUDGE

---

[1] Although the trial court properly dismissed the petitioner's "motion from relief of judgment or order," its dismissal of the petition for post-conviction relief was improper.  The petitioner timely filed his petition for post-conviction relief.  See Carter v. State, 952 S.W.2d 417 (Tenn. 1997); Maney v. State, 03C01-9612-CR-00470 (Tenn. Crim. App., Oct. 10, 1997).  However, because the petitioner did not file a notice of appeal from the order of dismissal, this Court is without jurisdiction to consider the matter.  Moreover, we have decided that the interest of justice does not require waiver of the notice of appeal in this case.  T.R.A.P. 4(a).

[2] The petitioner alleges on appeal for the first time that the indictment entered against him is invalid because it failed to state an appropriate mens rea.  This issue is without merit.  See State v. Hill, 01S01-9701-CC-00005 (Tenn., Nov. 3, 1997).